The material part of the verdict was, "We were enabled to collect that McNeil had been in possession, for more than twenty years, of the land in dispute, by known and visible boundaries; and if there is any vacant land embraced therein, we are of opinion that McNeil is entitled to a preference as respects entry."
When the land offices were opened, after the Revolution, every citizen of the State, by the express words of the act, had permission to enter vacant lands; and the only preference as to the right of entry is specified in section 6 of the act, and this right grew out of the Revolution, which shut up the different offices before the bona fide
settlers had an opportunity of perfecting their titles. The Legislature, with a view of preventing a new enterer from turning out one who had entered and improved lands that he had had an opportunity of patenting, or who had seated himself with intention of entering, but had been disappointed by the discontinuance of the offices, enacted that such
disputes should be decided by a jury on the premises; but the same act declared that this preference from prior entry or prior occupancy should cease unless such enterer or occupant should perfect his title by January, 1779. In 1779 the Legislature, perceiving that a difficulty had arisen in construing the act of 1777, inasmuch as it was not declared by that act which should be preferred, a prior occupancy or a prior entry, an act of that session declares that an occupancy of seven (519) years shall be preferred. Every other case, therefore, but those which sprang from the discontinuance of the land offices remains unoperated upon by the act; and in all others the first enterer must prevail.
None of our acts of limitation can have any influence, whether with or without color of title; for they are bottomed upon a presumption that a grant once existed, but has been lost; but in the case of a caveat both parties admit the lands to be vacant, but are disputing as to whom a titleshall be made.
The awarding the venire facias de novo was, therefore, wrong, and should be set aside and judgment rendered in favor of the enterer.
NOTE — See Featherston v. Mills, 15 N.C. 596. The whole law in relation to the subject of entries is embodied in the act concerning "Entries and Grants," 1 Rev. Stat., ch. 42.
Cited: Graham v. Houston, 15 N.C. 235; In re Drewry, 129 N.C. 458. *Page 381