IN RE DREWRY.

(Filed December 23, 1901.)

GRANTS—*Entries—Caveators—Protest—The Code, Sec. 2765—Public Lands.*

> The Code, sec. 2765, applies only where it is admitted by both sides that the land entered is vacant land and the question to be determined is as to whom the grant shall be issued.

In the matter of entry of lands by F. S. Drewry, heard by Judge *E. W. Timberlake,* at Spring Term, 1901, of the Superior Court of BURKE County. From a judgment for Drewry, caveators, J. M. Barnhardt and others, appealed.

*Avery & Ervin,* for Drewry.
*J. T. Perkins, S. J. Ervin,* and *E. J. Justice,* for the caveator J. M. Barnhardt.

FURCHES, C. J. The respondent Drewry made three entries of land on the South Mountain in Burke County—one of 600 acres, and two of 640 acres each. The entry-taker advertised these entries, as provided for in section 2765 of The Code, and the appellants, Barnhardt and others, filed their caveat and protest. And the matter was certified to the Superior Court, notice issued to the enterer, Drewry, according to the provisions of said section, and Drewry filed a reply. The caveators, in their protest, say they are the owners of the land the enterer claims that said entries cover; that said lands were granted to William Erwin, James Erwin and James Greenlee many years ago, and they derived their title through *mesne* conveyances from them, and they are now in the actual possession of said lands by their tenants. The caveators also allege that said entries are so vague and uncertain, in location and description, as to render them void and of no effect.

The respondent, Drewry, in his answer avers that said entries are not void for vagueness and uncertainty, and alleges that they are altogether regular and sufficient in location and description. He also denies that the caveators are the owners of the lands covered by his entries, or that they are in possession of the same.

Upon the matter coming on for trial, and the pleadings, including the entries, the caveat, notice, and respondent's answer being read, his Honor dismissed the proceeding at the cost of the caveators, and they appealed to this Court.

The matter has given us trouble, as it has been difficult to determine what was the policy of that part of the statute which provides for this proceeding, or to discover its benefits. We have certainly been unable to see how it could affect the caveators in this case.

As well as we have been able to learn the history of the statute, this provision of it was incorporated into the law on account of the land offices (entry offices) being closed during the Revolutionary War. And although it has stood upon our statute. books for more than a hundred years, we are unable to find out one reported case in which the proceedings seem to have been under this statute. *McNeill v. Lewis,* 4 N. C., 517. And the information we get from that case leads us to sustain the action of the Court in dismissing the proceedings. That case holds that this proceeding applies only where it is admitted on both sides that the land entered is vacant land, and the question to be determined is as to whom the grant shall be issued. We readily yield our assent to this interpretation of the statute, as it seems to us to be the only one that can be supported by reason. For if it be true that said land had once been granted and the caveators are the owners of said land by a regular chain of title from the State, and are in the actual possession of the same, as they say they are, no entry or grant the enterer

Drewry could make or procure could affect their title; and the enterer would be liable as a trespasser for entering upon and "treading down the grass."

We do not think it necessary to discuss the regularity or sufficiency of the entries, as they can in no way affect the rights and title of the caveators, whether they are regular and sufficient in form or not.

There are quite a number of cases cited under section 2765 of The Code, but when they are examined, it is found that they do not apply to the provision of that section which provides for a proceeding by caveat. They are suits in equity, where there has been a grant issued by the State, in fraud of some prior enterer; or, at least where this is alleged; and the Court is asked to declare such alleged fraudulent grantee trustee for the benefit of the first enterers, and have no application to the case now under consideration.

For the reasons stated, and the authority cited, the judgment of the Court is

Affirmed.